Michael Peffer (SBN: 192265)
**PACIFIC JUSTICE INSTITUTE**
2200 N. Grand Ave.
Santa Ana, CA 92704
Tel: (714) 796-7150
Email:  michaelpeffer@pji.org

Attorney for Plaintiff, EZRA HUANG

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZRA HUANG, an individual,<br><br>             Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF MASSACHUSETTS GLOBAL, et al, and DOES 1 to 100, inclusive<br><br>             Defendants. | Case No.::<br><br>**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.]**<br><br>**(DEMAND FOR JURY TRIAL)** |

## INTRODUCTION

Plaintiff, EZRA HUANG, brings this action against UNIVERSITY OF

MASSACHUSETTS GLOBAL (GLOBAL), a privately held corporation. This

action is based on violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C.

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

§ 2000e et. seq.) and the California Fair Employment and Housing Act (Cal. Govt. Code 12900 et seq.), and the common law tort of Wrongful Termination in Violation of Public Policy.

The gravamen of this Complaint is that the Defendant refused to accommodate, retaliated against, otherwise discriminated against, and subsequently terminated Plaintiff because he asked for accommodation to his religious beliefs. Defendant knew or should have reasonably known that Mr. Huang held religious beliefs because he asserted them. Defendant nevertheless failed to accommodate and terminated an employee in retaliation for seeking an accommodation.

## JURISDICTION AND VENUE

1. This Court has authority over this action pursuant to 28 U.S.C. § 1331, in federal

questions raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This Court has supplemental authority over Plaintiff's related claims arising under corollary state anti-discrimination law pursuant to 28 U.S.C. § 1367(a), and the common law tort of Wrongful Termination in Violation of Public Policy.

2. Venue is proper in the Central District of California under 42 U.S.C. § 2000e-5(f)(3), in that the Defendant maintains significant operations within the Central District of California. The location of the company who's the alleged unlawful employment practices took place is within the City of Irvine, in the County of Orange, within the Central District of California. This case is appropriate for assignment to the Orange County Division. The Defendant

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

maintains significant operations in Irvine, Orange County, and the situs of the alleged unlawful employment practices took place at the Defendant's Irvine, Orange County company location.

## PARTIES

### PLAINTIFF

**3.**   At all times relevant herein, EZRA HUANG was an employee of GLOBAL and worked his final position as Program Manager. Mr. Huang resided in Orange County, CA at the time of the events that gave rise to this Complaint.

### DEFENDANT

**4.**   Upon information and belief, UNIVERSITY OF MASSACHUSETTS GLOBAL, are privately held companies operating in the county of Orange, California. At time of the events that gave rise to this Complaint, GLOBAL employed Plaintiff in Orange County, California.

## STATEMENT OF FACTS

**5.**  Mr. Huang began his employment with the then owner, Chapman University on April 23, 2003. Beginning in 2009, Chapman University because Brandman University and beginning in 2021 and at the time of Plaintiff's termination his employer was GLOBAL. His last position with GLOBAL was Program Manager.

**6.**   Mr. Huang is a follower of the Christian faith.

**7.**   Mr. Huang believes that his body belongs to God and is a temple of the Holy Spirit.

**8.** Mr. Huang believes that it is against his religion to ingest or inject his body

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

with possible harmful substances.

**9.** Mr. Huang's understanding is that the manufacturers of the COVID-19 vaccine use aborted fetal tissue, the lining of aborted fetal tissue, or both forms of fetal tissue. Mr. Huang's faith strongly opposes abortion and the use of aborted fetal tissues for any reason.

**10.** In September 2021, Mr. Huang requested a religious exemption from GLOBAL'S COVID-19 Vaccine Policy (Policy) because of his strongly held religious beliefs.

**11.** GLOBAL'S Policy allows a Religious Exemption Request to be filed by employees with a sincere religious belief that would require an exemption from the being vaccinated with the COVID-19 Vaccine.

**12.** GLOBAL denied Mr. Huang's request for religious exemption. According to GLOBAL, because of undue hardship to the company, GLOBAL does not have to follow Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and approve religious exemptions.

**13.** GLOBAL, or any employer for that matter, is not allowed to unilaterally suspend the rights of the citizens of the United States of America, nor ignore the laws passed by the Congress of the United States of America.

**14.** GLOBAL misstates the "undue hardship" exemption provided by Congress to employers under Title VII of the Civil Rights Act of 1964. GLOBAL must first exhaust all efforts in attempting to provide for a reasonable accommodation. GLOBAL failed to provide for a reasonable accommodation that was available to GLOBAL to offer Mr. Huang.

**15.**    In October 2021, Mr. Huang was placed on unpaid leave along with 18 of his fellow employees, all of whom requested religious exemptions.

**16.**    At the time that Mr. Huang was placed on unpaid leave, other GLOBAL employees who had moved out of the area were allowed to remain employed and work remotely. One of Mr. Huang's subordinates was allowed this accommodation. Mr. Huang was denied this accommodation.

**17.**    In January 2022, GLOBAL asked all employees to work remotely due to the COVID-19 Omicron variant. Though employees were asked to work remotely, Mr. Huang's request to work remotely was denied, and he was asked to remain on unpaid leave.

**18.**    In addition to Mr. Huang's request to work remotely as the same as other GLOBAL staff being denied, Mr. Huang was simultaneously notified that his job would no longer be protected if he refused to take the COVID-19 vaccine.

**19.**    On April 18, 2022, Mr. Huang was notified that his job had been filled by another person.

**20.**    On April 27, 2022, Mr. Huang was notified by GLOBAL that they would partake in discussions with him for other job openings within the company.

**21.**    By April 27, 2022, Mr. Huang had been on unpaid leave for 6 months. Due to financial hardship of not having a job or income, Mr. Huang had to move to Oklahoma where the cost of living is more affordable. Mr. Huang again requested to GLOBAL to work remotely, but his request was denied by GLOBAL.

**22.**    Mr. Huang was terminated from his employment from GLOBAL on May 2, 2022, because of his sincerely held religious beliefs. The last communication

from GLOBAL to Mr. Huang was an automated email on May 4, 2022, stating how Mr. Huang could still access the company online system to view payment and tax information. Mr. Huang's termination is a direct violation of Title VII of the Civil Rights Act of 1964.

**23.** GLOBAL was egregiously prejudicial against Mr. Huang when it failed to accommodate his religious accommodation. At all times Mr. Huang was willing to submit to testing for COVID-19 and wear approved personal protection devices while working in-person with employees and members. Mr. Huang was also willing to adhere to the same accommodation provided to other staff of working remotely from home. GLOBAL unreasonably denied Mr. Huang's request to work remotely. Mr. Huang's reasonable accommodation request had already been approved for other employees, but only denied to Mr. Huang. This is obviously an extreme prejudicial stance by GLOBAL against Mr. Huang's strongly held religious beliefs.

**24.** GLOBAL'S reason for denying Mr. Huang's religious exemption was because working remotely would create an undue hardship upon the company. Although, GLOBAL allowed and requested its employees to work remotely. Mr. Huang's legally held right to a religious exemption was violated under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.).

**25.** Mr. Huang received a Notice of Right to Sue (NRTS) from the EEOC on September 27, 2022. Mr. Huang's EEOC NRTS serves as "Exhibit One" for the purpose of this Complaint.

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

## FIRST CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.] Termination and Retaliation based on Religion Against Defendant**

**26.** PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

**27.** Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or discharge any individual, or otherwise discriminate against any individual with respect to his or his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his or his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his or his status as an employee, because of such individual's race, color, religion, sex, or national origin.

**28.** Mr. Huang was at all times relevant herein an employee and applicant covered by U.S.C. 42 § 2000e et seq.

**29.** Mr. Huang held a deeply sincere religious objection to receiving the COVID-19 vaccine injection.

**30.** Mr. Huang's request to have his religious accommodation approved was denied.

**31.** GLOBAL did not attempt to and refused to accommodate Mr. Huang with any of the recommended accommodations they provided in GLOBAL'S

COVID-19 Policy and with accommodations provided to other staff that would have allowed Mr. Huang's religious exemption to be granted and allowed him to maintain his employment.

**32.** Therefore, Mr. Huang's religious beliefs and practices were a motivating factor in his termination.

**33.** PLAINTIFF suffered significant damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

**34.** GLOBAL intentionally violated PLAINTIFF'S rights under Title VII with malice or reckless indifference.

**35.** Mr. Huang is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fees, costs of suit, a declaration that Defendant violated his rights under Title VII, and an injunction preventing Defendant from enforcing its discriminatory policies.

**36.** Mr. Huang is entitled to further relief as set forth below in his Prayer for Relief.

## SECOND CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.] Failure to Provide Religious Accommodation Against Defendant**

**37.** PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

**38.** Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., makes unlawful employment practice to fail or refuse to accommodate the

- 8 -

religious beliefs and practices of an employee or prospective employee.

**39.**    Mr. Huang suffered significant damages because of DEFENDANT'S unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

**40.**    DEFENDANT intentionally violated Mr. Huang's rights under Title VII with malice or reckless indifference.

**41.**    PLAINTIFF is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fee, costs of the suit, a declaration that DEFENDANT violated his rights under Title VII, and an injunction preventing DEFENDANT from enforcing its discriminatory policies.

**42.**    PLAINTIFF is entitled to further relief as set forth below in his Prayer for Relief.

## THIRD CAUSE OF ACTION

### Violation of the California Fair Employment and Housing Act (Cal. Govt. Code § 12900 et seq.)—Discrimination and Retaliation based on Religious Creed Against Defendant

**43.**     PLAINTIFF hereby incorporates a realleges the preceding paragraphs as though fully set forth herein.

**44.** Under FEHA, it is further an unlawful employment practice for an employer to discriminate against an employee in compensation, terms, conditions, or privileges of employment, because of employee's religious creed.

**45.**    PLAINTIFF was at all times relevant herein an employee for purposes of FEHA.

**46.** PLAINTIFF was at all times relevant herein a member of a protected religious class.

**47.** FEHA broadly defines religious creed to include all aspects of observance and practice.

**48.** DEFENDANT intentionally discriminates against PLAINTIFF by making an adverse employment decision against his by terminating his employment after many years of service.

**49.** DEFENDANT demonstrated discriminatory animus toward PLAINTIFF by terminating his employment and showing callous indifference toward his sincere religious beliefs. DEFENDANT subsequently terminated PLAINTIFF without explanation or providing any alternative after PLAINTIFF'S request for religious accommodation was denied. DEFENDANT terminated PLAINTIFF'S employment because of his religious creed. DEFENDANT discriminated against the PLAINTIFF based on his religious beliefs.

**50.** Mr. Huang suffered damages because of Defendant's unlawful discriminatory actions, including the emotional distress, past and future loss of wages and benefits, and the cost of bringing this action.

**51.** DEFENDANT intentionally violated Mr. Huang's rights under FEHA with malice or reckless indifference, and, as a result, are liable for punitive damages.

**52.** PLAINTIFF is entitled to such other and further relief as more fully set forth below in his Prayer for Relief.

/ / /
/ / /

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

## FOURTH CAUSE OF ACTION

**Violation of the California Fair Employment and Housing Act (Cal. Govt. Code § 12900 et seq.)—Failure to Provide Religious Accommodations Against Defendant**

**53.**      PLAINTIFF hereby incorporates and alleges the preceding paragraphs as though fully set forth herein.

**54.**      Under FEHA, it is an unlawful employment practice for an employer to terminate a person's employment because of a conflict between the person's religious beliefs or observance and any employment requirement, unless the employer demonstrates that is has explored all reasonable means of accommodation of the religious beliefs or observances.

**55.**      PLAINTIFF was a person and an employee of DEFENDANT within the meaning of FEHA.

**56.**      DEFENDANT was at all times relevant herein employer of PLAINTIFF for purposes of FEHA.

**57.**      PLAINTIFF is a devout believer in Christianity. DEFENDANT was aware of PLAINTIFF'S sincerely held religious beliefs.

**58.**      PLAINTIFF holds strong beliefs based on his understanding of the teachings of Christianity, which prohibits PLAINTIFF from utilizing vaccines that may be harmful to his body which he considers a temple of the Holy Spirit, or that may use fetal tissue in the discovery, experimentation, or manufacturing of the vaccine.

**59.**      PLAINTIFF requested an accommodation from DEFENDANT. DEFENDANT denied PLAINTIFF'S request for a religious accommodation

- 11 -

without explanation as to the reasoning of why an accommodation that was provided to other employees was not reasonable.

60. PLAINTIFF notified DEFENDANT'S administration that he would not be getting the vaccine and that he could not compromise his religious convictions.

61. DEFENDANT'S refusal to accept PLAINTIFF'S religious accommodation request, or even explore any kind of other accommodation for PLAINTIFF'S religious beliefs, was a substantial motivating factor in DEFENDANT'S decision to deprive PLAINTIFF of the employment he had enjoyed since 2003.

62. PLAINTIFF suffered significant damages because of DEFENDANT'S unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

63. DEFENDANT intentionally violated PLAINTIFF'S rights under FEHA with malice or reckless indifference.

64. PLAINTIFF is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fees, costs to bring suit, a declaration that DEFENDANT violated PLAINTIFF'S rights under Title VII, and an injunction preventing DEFENDANT from enforcing their discriminatory policies.

65. PLAINTIFF is entitled to further relief as more fully set forth below in his Prayer for Relief.

/ / /

/ / /

/ / /

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

## FIFTH CAUSE OF ACTION

### Wrongful termination in violation of public policy – Common Law Tort Against Defendant

**66.**    PLAINTIFF hereby realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

**67.**    PLAINTIFF was terminated for requesting a religious accommodation in compliance with both Title VII of the Civil Rights Act of 1964, and Cal. Govt. Code § 12900 et seq.

**68.**    Cal. Govt. Code § 12920 states, "It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgement on account of race, religious creed."

**69.**    Cal. Govt. Code §12920 goes on to state, "Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or military status, or genetic information in housing accommodations is declared to be against public policy."

**70.**    PLAINTIFF was at all times relevant herein an employee of DEFENDANT and covered by 42 U.S.C. § 2000e, et seq., prohibiting discrimination in employment based on religion.

**71.**    PLAINTIFF was a person and an employer for purposes of 42 U.S.C. § 2000e, et seq.

**72.**    PLAINTIFF was a person and an employee of DEFENDANT within the meaning of FEHA.

**73.**     DEFENDANT was at all times relevant herein an employer of Plaintiff for purposes of FEHA.

**74.**     PLAINTIFF is a devout follower of Christianity. DEFENDANT was aware of the religious beliefs PLAINTIFF held.

**75.**     PLAINTIFF held a deeply religious objection to receiving the COVID-19 vaccine and was denied accommodation, although, DEFENDANT recognized that PLAINTIFF had sincerely held beliefs.

**76.**     PLAINTIFF told DEFENDANT that he would be willing to adhere to testing and the use of personal protection devices and other accommodations mentioned by DEFENDANT in its COVID-19 Policy and as provided to other employees.

**77.**     DEFENDANT did not provide a reason to the denial for an accommodation.

**78.**     PLAINTIFF felt bullied and coerced into getting the COVID-19 vaccine, causing anxiety and stress due to his employer forcing his to choose between his deeply held religious beliefs and his financial livelihood and job.

**79.**     There were no valid reasons whatsoever for terminating PLAINTIFF'S employment, other than PLAINTIFF requesting accommodation under Title VII and FEHA.

**80.**     PLAINTIFF'S religious beliefs and practices were therefore a motivating factor in his termination. PLAINTIFF suffered a wrongful termination for exercising his right to seek an accommodation of his truly sincere religious beliefs entitled to his under Title VII and FEHA.

**81.**     FEHA declares by statute that such unlawful termination is in violation of public policy.

**82.**     PLAINTIFF suffered significant harm because of DEFENDANT'S unlawful discriminatory actions, including emotional distress, past and future loss of wages and benefits, and the costs associated with bringing this action.

**83.**     DEFENDANT intentionally violated PLAINTIFF'S rights under Title VII and FEHA with malice or reckless indifference.

**84.**     PLAINTIFF is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fees, costs of suit, a declaration that DEFENDANT violated his rights under Title VII, and an injunction preventing DEFENDANT from enforcing its discriminatory policies.

**85.**     PLAINTIFF is entitled to further relief as more fully set forth below in his Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays this Court grant relief as follows:

A.     Award PLAINTIFF backpay, including past loss of wages and benefits, plus interest;

B.     Award PLAINTIFF his front pay, including future wages and benefits;

C.     Award PLAINTIFF other and further compensatory damages in an amount according to proof;

D.     Award PLAINTIFF noneconomic damages, including but not limited to mental health suffrage;

E.     Award PLAINTIFF his reasonable attorney's fees and costs of suit;

F.     Award PLAINTIFF punitive damages.

G.     Enjoin DEFENDANT from enforcing its discriminatory policies;

H.     Declare that DEFENDANT has violated Title VII of the Civil Rights Act and FEHA; and

I.     Grant PLAINTIFF such additional or alternative relief as the Court deems just and proper.


DATED: 12/19/2022                **PACIFIC JUSTICE INSTITUTE**



By: *Michael Peffer*
MICHAEL PEFFER, ESQ.,
Attorney for Plaintiff,
EZRA HUANG

- 16 -

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

1
2
3
4

## DEMAND FOR JURY TRIAL

5
6

PLAINTIFF, EZRA HUANG hereby demands a jury trial in this matter.

7
8

DATED:   12/19/2022                          **PACIFIC JUSTICE INSTITUTE**

9
10
11

By: *Michael Peffer*
_____
MICHAEL PEFFER, ESQ.,
Attorney for Plaintiff,
EZRA HUANG

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

**VERIFICATION**

I, Ezra Huang, am the Plaintiff in the above-captioned matter. I have read the VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.] and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true. I declare under penalty of lying under oath, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this 20th day of December 2022, in the County of Los Angeles, State of California.

Ezra Huang

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT ONE (1)

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Oklahoma City Area Office**
215 Dean A McGee Avenue, Suite 524
Oklahomom City, OK 73102
(405) 666-0360
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/27/2022

**To:** Ezra Huang
408 E Kansas St
BROKEN ARROW, OK 74012
Charge No: 480-2022-03810

EEOC Representative and email:   Jennifer Lane
Investigator
jennifer.lane@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 480-2022-03810.

On behalf of the Commission,

Digitally Signed By:David Davis
09/27/2022

David Davis
Acting District Director

Cc:

Please retain this notice for your records.